

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LJF:AL
F.#2009R01533

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

January 12, 2010

**By Hand and ECF**

Len Kamdang, Esq.
Federal Defenders of New York, Inc.
1 Pierrepont Plaza, 16th floor
Brooklyn, New York 11201

      Re:  U.S. v. Dudely Ernest Jerrick
           Criminal Docket No. 09-591 (SJ)

Dear Mr. Kamdang:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, please find enclosed with this letter discovery in the above-referenced matter.  As we discussed on January 6, 2010, the parties agreed to adjourn the government's production of discovery from January 7, 2010, until today so that they could continue negotiating a plea based on the plea agreement sent to you on October 6, 2009.  That plea agreement expires upon the government's production of discovery, and is therefore no longer available.

      Please also consider this letter to be the government's request for reciprocal discovery.  Please contact me if you wish to arrange a time to inspect, copy, and/or photograph the evidence and original documents discoverable under Rule 16.

**I.   The Government's Disclosures**

    **A.   Statements of the Defendant**

      Enclosed are copies of the following documents that contain statements made by and/or reflecting pedigree information provided by the defendant, including documents that the defendant signed:

- Redacted copy of Report of Investigation (Bates-numbered DOJ DEJ 6-12);

- Redacted copy of agent's handwritten notes (Bates-numbered DOJ DEJ 13-15);

- Redacted copy of "USM-129/312 Prisoner Intake" (Bates-numbered DOJ DEJ 42-46);

- Redacted copy of "Personal History Report" (Bates-numbered DOJ DEJ 47)

- Redacted copy of "Statement of Rights" (Bates-numbered DOJ DEJ 48)

- Redacted copy of "U.S. Customs Inventory of Passenger's Personal Property" (Bates-numbered DOJ DEJ 93);

- Redacted copy of results of inquiries in TECS system (Bates-numbered DOJ DEJ 103-05);

- Redacted copy of Report of Investigation (Bates-numbered DOJ DEJ 106-07);

- Redacted copy of Report of Investigation (Bates-numbered DOJ DEJ 108-09);

- Redacted copy of "Personal History Report" (Bates-numbered DOJ DEJ 110-11);

- Redacted copy of "Search Arrest Seizure Report" (Bates-numbered DOJ DEJ 112-19);

- Redacted copy of "SEACATS Incident Report" (Bates-numbered DOJ DEJ 120-24);

- Redacted copy of "ICE Significant Incident Report" (Bates-numbered DOJ DEJ 125-26);

- Redacted copy of "Prisoner Remand" (Bates-numbered DOJ DEJ 127);

- Redacted copy of U.S. Marshals Service form containing photographs of defendant and pedigree information (Bates-numbered DOJ DEJ 128);

- Copy of the defendant's fingerprints (Bates-numbered DOJ DEJ 129);

- Redacted copy of Federal Bureau of Investigation document containing the defendant's pedigree information (Bates-numbered DOJ DEJ 130); and

3

- Redacted copy of "TECS II Case Record" (Bates-numbered DOJ DEJ 131-32).

B. **Prior Criminal History**

Enclosed is a copy of the following document that contains the defendant's prior criminal history:

- Copy of the defendant's criminal history report dated December 31, 2009 (Bates-numbered DOJ DEJ 94-102).

C. **Documents and Tangible Objects**

In addition to the above-described documents, enclosed are copies of the following documents:

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 3);

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 4);

- Redacted copy of "Receipt for Cash or Other Items" (Bates-numbered DOJ DEJ 5);

- Copies of documents and objects recovered from the defendant (Bates-numbered DOJ DEJ 16-24);

- Copy of the defendant's passport issued by Guyana (Bates-numbered DOJ DEJ 25-35);

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 36);

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 37);

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 38);

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 39);

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 40);

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 41);

4

- Copies of documents and objects recovered from the defendant (Bates-numbered DOJ DEJ 49-65);

- Redacted copies of documents regarding the defendant's travel history (Bates-numbered DOJ DEJ 66-90);

- Copy of Customs Declaration recovered from the defendant (Bates-numbered DOJ DEJ 91); and

- Redacted copy of "Custody Receipt for Seized Property and Evidence" (Bates-numbered DOJ DEJ 92).

D. **Reports of Examinations and Tests**

Enclosed are copies of the following documents that contain the results or reports of any physical or mental examination and of any scientific test or experiment:

- Redacted copy of Form DEA-7 regarding cocaine seized from the defendant (Bates-numbered DOJ DEJ 1); and

- Redacted copy of DEA lab report regarding cocaine seized from the defendant (Bates-numbered DOJ DEJ 2).

E. **Expert Witnesses**

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion. Any expert's identity, qualifications, and the bases for his conclusions will be provided to you when they become available.

At this time, please be advised that the government intends to call forensic chemist Diana D. Sanchez of the Drug Enforcement Administration ("DEA") as an expert witness at trial. I anticipate that Ms. Sanchez will testify that the substance that the defendant imported into the United States was 5491 grams of cocaine, that the purity of the cocaine in one of the defendant's suitcases was 75.5%, and that the purity of the cocaine in the defendant's other suitcase was 76.1%. I will provide you with a copy of Ms. Sanchez's resume.

In addition, the government expects to call an expert witness to testify about the value of the cocaine that the defendant imported into the United States.

**F.     Brady Materials**

The government is unaware of any exculpatory material regarding the defendant in this case. The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).

The government will furnish the defense before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may testify at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

**II.    The Defendant's Required Disclosures**

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to

 6

use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

If you have any questions or further requests, please do not hesitate to contact me.

> Very truly yours,
>
> BENTON J. CAMPBELL
> United States Attorney
>
> By:    /s/ Allon Lifshitz
> Allon Lifshitz
> Assistant United States Attorney
> (718) 254-6164

Enclosures

cc:  Clerk of Court (SJ) (w/o enclosures)