```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

UNITED STATES OF AMERICA              :

     -against-                        :      NOTICE OF MOTION

                                      :      CR 09-591 (SJ)

DUDLEY EARNEST JERRICK,
         Defendant.                   :

--------------------------------------------------X
```

PLEASE TAKE NOTICE, that the defendant DUDLEY EARNEST JERRICK, by his attorney KANNAN SUNDARAM, ESQ., of the Federal Defenders of New York, Inc., One Pierrepont Plaza, 16th Floor, Brooklyn, New York, and upon the annexed declaration and all papers and proceedings heretofore and herein, will move the Court, before THE HONORABLE STERLING JOHNSON, JR., United States District Judge, for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, on March 3, 2010, or as soon thereafter as the matter can be heard, for an Order:

I. Pursuant to Fed.R.Crim.P. 12(b)(3)(c) suppressing statements made by the defendant, as well the unattenuated fruits of those statements; and

II. Granting such other and further relief as the Court deems just and proper.

DATED:   BROOKLYN, N.Y.
         February 4, 2010

                                   Kannan Sundaram, Esq.
                                   Federal Defenders of New York, Inc.
                                   One Pierrepont Plaza - 16th Floor
                                   Brooklyn, New York 11241
                                   (718) 330-1203

                                   Attorney for Defendant
                                   Dudley Earnest Jerrick

To:  Benton Campbell
     United States Attorney
     Eastern District of New York
     By:    AUSA Allon Lifshitz
     Clerk of the Court (SJ)(By ECF)
     Dudley Earnest Jerrick

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

UNITED STATES OF AMERICA           :

        -against-                  :      DECLARATION

                                   :      CR 09-591

DUDLEY ERNEST JERRICK,
        Defendant.                 :

-----------------------------------------------X
```

KANNAN SUNDARAM, ESQ., declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1.  I am an attorney employed by the Federal Defenders of New York, Inc., and am the attorney of record assigned to represent the defendant, Dudley Ernest Jerrick.

2.  This declaration is submitted in support of the defendant's motion for an Order:

    I. Suppressing statements alleged to have been made by the defendant; and

    II. Granting such other and further relief as the Court deems just and proper.

3.  This declaration is based upon information and belief, the sources of which are conversations with the prosecutor, discovery documents, all papers filed herein, independent investigation, and the declaration of the defendant.

## MOTION TO SUPPRESS STATEMENTS

### A. Background

On July 25, 2009, Mr. Jerrick flew from Georgetown, Guyana to John F. Kennedy Airport on Carribean Airlines flight No. BW424. Upon arriving at J.F.K., he proceeded to retrieve his luggage from the baggage claim. As he was preparing to exit with his luggage, he was directed to proceed to a table for a customs inspection. An officer opened both of his suitcases and inspected the contents. The officer removed two containers of powdered milk, inquired about their contents, and opened the seal of each container with a knife. While cleaning off the knife,

Page 1 of 4

the officer sniffed the knife and said it did not smell "right."

Officers handcuffed Mr. Jerrick and took him to a room. He asked them what was going on. They told him that the powdered milk was drugs. He denied that and told them he didn't know what they were talking about. One officer told Mr. Jerrick he was "fucked" and would never walk the streets of the United States again. The officer questioned Mr. Jerrick about whether he had been travelling with anyone else.

Although Mr. Jerrick insisted he had not been travelling with anyone else, the officer, after leaving the room for some time, returned and persisted with that questioning. The officer then looked through Mr. Jerrick's cellular phone, appeared to be writing down the numbers in the phone, and told Mr. Jerrick that he would be calling those numbers.

Shortly after this, the officer said something about Mr. Jerrick's right to consult an attorney but did not advise him that he had the right to speak to a lawyer before questioning, to have a lawyer present during questioning, or, that if he could not afford a lawyer, one would be provided for him. Nor was Mr. Jerrick then advised that he had the right not to speak to the officers at all.

It was not until some time later, after taking Mr. Jerrick to another room, that the officer read him the *Miranda* warning contained in the Statement of Rights for the first time. After obtaining Mr. Jerrick's signature on the form, officers continued the interrogation, leading to more detailed statements in which Mr. Jerrick continued to deny knowing that the powdered milk was cocaine.

## B. The Statements Were Obtained in Violation of Defendants Rights under 5th and 6th Amendments of the U.S. Constitution.

If a defendant is in custody, law enforcement officials may not interrogate him without first informing him that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has right to the presence of an attorney and to have an

attorney appointed for him if he cannot afford to hire one. If the authorities interrogate a defendant in custody without first giving him adequate *Miranda* warnings, then any resulting statements are inadmissible. U.S. Const. amend. V; U.S. Const. amend. VI; *Miranda v. Arizona*, 384 U.S. 436, 444, 473-474 (1966); *Berkemer v. McCarty*, 468 U.S. 420, 429 (1984).

"Interrogation" includes express questioning but also its "functional equivalent," meaning "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

Where the government claims that the defendant's statements were made subsequent to a waiver of *Miranda* rights, the government must prove that the defendant made a knowing, intelligent and voluntary waiver of his rights. See *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). Where law enforcement officials conduct pre and post-*Miranda* custodial interrogation, the post-*Miranda* statements must be suppressed if the circumstances are such that a reasonable person in the suspect's shoes would not have understood [the warnings] to convey a message that [he] retained a choice about continuing to talk." *Missouri v. Seibert*, 542 U.S. 600, 617 (2004).

In this case, Mr. Jerrick was in custody when the customs officers handcuffed him, took him to a room and detained him there. At this point, any interrogation should have been preceded by full *Miranda* warnings.

Instead, the officers immediately began interrogating him. They confronted him with their belief that the powdered milk he possessed was drugs; they told him he was "fucked" and would never walk the streets of this country again. Those accusatory statements, which the officers should have known were reasonably likely to elicit an incriminating response, were the functional equivalent of interrogation. See *Innis*, 446 U.S. at 301; *United States v. Szymaniak, 934 F.2d 434, 439 (2d Cir. 1991)* (confronting defendant with incriminating information was interrogation). This interrogation was followed by express questioning regarding whether Mr. Jerrick had been travelling with anyone else. This line of questioning was then repeated and

quickly followed up with more interrogation in the form of threats to start calling the numbers in Mr. Jerrick's cell phone to find out who he had travelled with.

As Mr. Jerrick was thus interrogated while in custody and before being given *Miranda* warnings, the resulting statements must be suppressed. The interposition of *Miranda* warnings later, before eliciting the rest of Mr. Jerrick's account, was too late. *Miranda* requires that the warnings precede the questioning, not the statement. Here, the illegal interrogation immediately secured Mr. Jarrick's initial, pre-*Miranda* statement denying knowledge of drugs. That *pre-Miranda* interrogation also rendered the ensuing waiver invalid by impressing upon the defendant that his situation was dire and that it was therefore in his interest to speak to the officers rather than invoke his rights. *See Miranda*, 384 U.S. at 476 ("Moreover, any evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege").

## Conclusion

For the foregoing reasons the defendant moves for suppression of the statements, as well as well as the unattenuated fruits of those statements. In the alternative, the defendant seeks a prompt hearing before this Court.

February 4, 2010
Brooklyn, New York

_____
Kannan Sundaram, Esq.

Page 4 of 4