# Federal Defenders
## OF NEW YORK, INC.

*Eastern District*
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

June 7, 2010

Allon Lifshitz, Esq.
Assistant United States Attorney
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, N.Y.  11201

**RE:   United States v. Dudley Jerrick, 09-CR-591 (JG)**

Dear Mr. Lifshitz:

To the extent not already provided, and pursuant to Federal Rule of Criminal Procedure Rule 16(a)(1)(E)(i) and <u>Holmes v. South Carolina</u>, 547 U.S. 319, 324 (2006); <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 56 (1987); <u>United States v. Stever</u>, 603 F.3d 747 (9th Cir. 2010), please provide to the defense the following: all documents and reports within the government's possession, custody or control describing the characteristics, modus operandi, and other information regarding drug trafficking organizations which import drugs from Guyana, including law enforcement reports and officer training materials; any reports, documents or information regarding cases in which drugs have been smuggled in containers purporting to contain milk powder or other food products, or in which food product containers to be shipped from or through Guyana have reportedly been opened or inspected by Guyana law enforcement agents; any instances in which drugs have been smuggled from Guyana through passengers' luggage without their knowledge; any instances in which drugs allegedly have been smuggled from Guyana by utilizing baggage handlers or other airport or airlines personnel.

The documents requested are within the government's "possession, custody, or control" and are "material to preparing the defense" pursuant to Rule 16(a)(1)(E)(I).  See <u>United States v. Stever</u>, 603 F.3d at 752-53 (defendant charged with marijuana manufacturing conspiracy for a growing operation found on Oregon property where he lived was entitled to discovery of materials related to operations of Mexican drug trafficking organizations

that had recently infiltrated Oregon).

   The government undoubtedly has knowledge of and access to law enforcement reports, officer training documents and other documents bearing on the operations of drug trafficking organizations that import drugs from Guyana. Some of the law enforcement officers and witnesses in this case have received and testified about such training. And the State Department has issued reports in recent years concluding that Guyana is a prime target for drug trafficking given weak laws, corrupt law enforcement and political issues.

   Likewise, the government, and this office in particular, has prosecuted and otherwise been made aware of at least a few cases in which drugs have been smuggled into the United States from Guyana through the use of unwitting passengers. E.g., United States v. Singh, 03-CR-1076 (CBA)(defendant passenger from Guyana charged with smuggling claimed that bag pinned on him actually belonged to insiders at JFK being separately prosecuted in large-scale trafficking conspiracy using unwitting passengers to import drugs from Guyana [U.S. v. Weatherly and Adams]; defendant's case eventually dismissed on government's motion); United States v. Russell Defreitas, 07-CR-543 (DLI) (defendant [currently being prosecuted for a different offense] discovered wrapped packages of cocaine in his luggage from Guyana, gave the drugs to customs and was not prosecuted).

   Finally, there has been a slew of recent reported incidents of apparently lost narcotics shipments being found inside food products such as fruit, in places including Spain, Germany, the UK and even New York City. With respect to Fernleaf milk powder, the product allegedly used to disguise the cocaine imported in this case, the government's case agent learned through his own investigation that Guyana anti-narcotics agents routinely open and inspect the cans when they are shipped out of the country (See KH-65).

   Thank you for your attention to this matter.

                                        Sincerely,

                                        /s/

                                        Kannan Sundaram, Esq.
                                        Assistant Federal Defender
                                        (718) 330-1203

cc:  Clerk of the Court(by ECF)